**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-2321**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

SHERMARQUETTE WHITAKER,

     Claimant - Appellant,

  and

$35,990.00 IN U.S. CURRENCY,

     Defendant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Malcolm J. Howard, Senior District Judge.  (2:17-cv-00002-H)

_____

Submitted:  September 15, 2022      Decided:  November 10, 2022

_____

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Matthew L. Fesak, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,

Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shermarquette Whitaker appeals the district court's grant of summary judgment in favor of the Government in a civil forfeiture proceeding and the court's judgment ordering forfeiture of $35,990 in United States currency. Finding no error, we affirm.

"We review the district court's grant of summary judgment de novo and construe all facts and reasonable inferences therefrom in favor of the nonmoving party." *United States v. McClellan*, 44 F.4th 200, 205 (4th Cir. 2022) (cleaned up). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The relevant inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty.*, 36 F.4th 240, 252 (4th Cir. 2022) (internal quotation marks omitted). In opposing summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* (internal quotation marks omitted).

Civil forfeiture standards are set forth in the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202. *See* 18 U.S.C. § 983. The statute provides that the Government must demonstrate by a preponderance of the evidence that the property sought is subject to forfeiture. 18 U.S.C. § 983(c)(1), (2); *McClellan*, 44 F.4th at 205. "Property is subject to forfeiture if it either facilitated the transportation, sale, receipt, possession, or concealment of a controlled substance, or was intended to do so, or

3

constitutes proceeds of drug-trafficking activities." *McClellan*, 44 F.4th at 205 (citing 21 U.S.C. § 881(a)(6)). Furthermore, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); *McClellan*, 44 F.4th at 205. In civil forfeiture proceedings, "we review a district court's factual findings for clear error" and review de novo the court's legal determination regarding whether the facts render the defendant property subject to forfeiture. *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013).

With these standards in mind, we have reviewed the joint appendix and the parties' briefs and—contrary to Whitaker's assertion on appeal—conclude that the district court properly found the Government established by a preponderance of the evidence that the subject currency had a substantial connection to drug trafficking. Although Whitaker argues that the Government cannot establish a substantial connection between the currency and a criminal offense because he was not convicted of any crime with respect to the seizure of the currency, a conviction is not required for a civil forfeiture. *See United States v. Louthian*, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (explaining that while "criminal forfeiture is an in personam action that requires a conviction, civil forfeiture is an in rem action against the property itself"); *United States v. Cherry*, 330 F.3d 658, 668 n.16 (4th Cir. 2003) ("[C]ivil forfeiture proceedings are brought against property, not against the property owner; the owner's culpability is irrelevant in deciding whether property should be forfeited.").

4

Whitaker also argues that there were genuine disputes as to the source of the seized currency, whether he was connected to the home where the currency was found, and whether he was engaged in drug trafficking. Because this was a civil forfeiture proceeding, Whitaker's culpability and connection to the home where the currency was found are not material facts. *See Cherry*, 330 F.3d at 668 n.16. As for the source of the currency, Whitaker alleged that he won the money in the lottery. However, only a portion of Whitaker's lottery winnings were adequately documented, the lottery receipts were dated over a year and half before the seizure of the currency, Whitaker purchased a car immediately after winning the lottery, he spent $10,000 to $15,000 per year on lottery tickets, and he had not been employed since 2006. Based on these facts, the district court appropriately concluded that there was no genuine dispute as to the source of the money. *See 8.929 Acres of Land in Arlington Cnty.*, 36 F.4th at 252; *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (explaining that "[a] dispute is genuine if a reasonable jury could return a verdict for the nonmoving party" (internal quotation marks omitted)).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5